J. A29001/16

2016 PA Super 276

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| APPELLANT | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALEXIS POPIELARCHECK, | : | |
| | : | |
| Appellant | : | |
| | : | No. 1788 WDA 2015 |

Appeal from the Order October 9, 2015
In the Court of Common Pleas of Greene County
Criminal Division at No(s): CP-30-CR-0000079-2015

BEFORE: DUBOW, J., MOULTON, J., and MUSMANNO, J.

OPINION BY DUBOW, J.:                    **FILED DECEMBER 06, 2016**

The Commonwealth appeals from the October 9, 2015 Order denying the Commonwealth's Motion for Modification of Sentence and amending the September 2, 2015 Judgment of Sentence.[1]  After careful review, we affirm and hold that where a sentencing court sentences a DUI defendant to County Intermediate Punishment ("CIP") pursuant to 42 Pa.C.S. § 9763, the sentencing court is not required to impose a mandatory maximum sentence pursuant to 75 Pa.C.S. § 3804(d).

The relevant factual and procedural history of this case is as follows. On June 15, 2015, Alexis Popielarcheck ("Appellee") pled guilty to two counts of Driving Under the Influence (DUI) (Second Offense - Ten Years);

---

[1] The original Judgment of Sentence was amended to include the imposition of electronic surveillance during Appellee's house arrest, and to increase the fine imposed from $1,000 to $1,500.

thirteen counts of Disregard Traffic Lane; Reckless Driving; and Restraint Systems as the result of an August 28, 2014 incident in which she was under the influence of various controlled substances.[2]   The court ordered the preparation of a pre-sentence investigation and modified Appellee's bail to require her to report to Greenbriar Treatment Center for inpatient drug and alcohol therapy and to complete all recommended treatment.

The parties do not dispute the following.  The instant offense was Appellee's second DUI offense in 10 years, was graded as a misdemeanor of the first degree, and was punishable by a maximum sentence of five years. Appellee was a qualified offender required to undergo "a full assessment for alcohol and drug addiction" pursuant to 75 Pa.C.S. § 3814.  Appellee did undergo such an assessment, which found that she was "in need of additional treatment."  If the trial court had not sentenced Appellee to CIP, a mandatory five-year maximum sentence would apply, as discussed *infra*. Moreover, the parties do not dispute that Appellee is eligible for a sentence of CIP.

At the September 1, 2015 Sentencing Hearing, the court sentenced Appellee to a total term of two years of CIP with 120 days to be served as house arrest, with 21 days' credit for time at Greenbriar, and assessed a fine of $1000 for the offense of DUI.  The district attorney inquired about the

---

[2] 75 Pa.C.S. § 3802 (d)(1)(i) and (2); 75 Pa.C.S. § 3309; 75 Pa.C.S. § 3736; and 75 Pa. C.S. § 4581 (a)(2)(ii), respectively.

total length of supervision due to statutory requirements, arguing unsuccessfully that the court was required to sentence Appellee to the statutory maximum range of her sentence, notwithstanding the court's discretion to sentence Appellant to CIP.

On September 11, 2015, the Commonwealth filed post-sentence motions asserting that the sentencing court (i) erred by not imposing the statutorily mandated fine; (ii) erred by not mandating electronic monitoring as part of Appellee's sentence of house arrest; (iii) erred by not imposing a maximum term of five years; and (iv) abused its discretion in sentencing Appellee to less than five years of supervision in light of the various factors to be considered at sentencing.

By order entered October 9, 2015, the court amended its Sentencing Order to reflect the correct fine and to include "[h]ouse arrest with electronic surveillance," adding that "[o]therwise, the sentence is legal and a proper exercise of judicial discretion."

The Commonwealth filed a timely appeal on November 6, 2015. Both the trial court and the Commonwealth complied with Pa.R.A.P. 1925.

On appeal, the Commonwealth raises the following two issues:

I. Did the lower court err in disregarding the statutory mandate requiring the imposition of a maximum sentence equal to the statutorily available maximum for an offender deemed at an initial assessment to be in need of further treatment?

Ii. Did the lower court abuse its discretion in failing to impose a sentence with a long maximum term in order to achieve the goals articulated by the [S]entencing [C]ode of assuring the

safety of the public while providing for the rehabilitative needs of the offender?

Commonwealth's Brief at 9.

### **Legality of Appellee's Sentence**

In its first issue, the Commonwealth raises an issue of first impression. The Commonwealth avers that the trial court was required as a matter of law to sentence Appellee to the statutorily available maximum sentence pursuant to 75 Pa.C.S. § 3804(d) because Appellee was deemed to be "in need of additional treatment." The Commonwealth acknowledges that, notwithstanding mandatory minimum and maximum DUI penalties enumerated in Section 3804, the trial court was vested with the discretion to sentence Appellee to CIP in lieu of the applicable mandatory **minimum** sentence. Nonetheless, the Commonwealth argues, the mandatory **maximum** provision of Section 3804(d) still applies, and the trial court was therefore required to impose the mandatory maximum sentence of five years.

In contrast, Appellee avers that the Sentencing Code permits trial courts to choose between two separate, "alternative" sentencing schemes. She asserts that once the trial court exercised its discretion to sentence her to CIP, neither the maximum nor the minimum provisions of Section 3804(d) apply.

Addressing the Commonwealth's averment requires us to revisit "the interplay between the mandatory sentencing provision of the DUI statute

and the discretionary sentencing provisions of the Sentencing Code, which presents a question of law that compels plenary review to determine whether the court committed an error of law." ***Commonwealth v. Williams***, 941 A.2d 14, 21 (Pa. Super. 2008) (*en banc*) (citation and internal quotation marks omitted).

Statutory interpretation is a question of law, therefore our standard of review is *de novo,* and our scope of review is plenary. ***Commonwealth v. Hall***, 80 A.3d 1204, 1211 (Pa. 2013). "In all matters involving statutory interpretation, we apply the Statutory Construction Act, 1 Pa.C.S. § 1501 *et seq.,* which provides that the object of interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." ***Commonwealth v. McCoy***, 962 A.2d 1160, 1166 (Pa. 2009) (citation omitted).

Generally, a statute's plain language provides the best indication of legislative intent. ***Id.*** We will only look beyond the plain language of the statute when words are unclear or ambiguous, or the plain meaning would lead to "a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S. § 1922(1). Therefore, when ascertaining the meaning of a statute, if the language is clear, we give the words their plain and ordinary meaning. ***Hall***, 80 A.3d at 1211.

The statutory sections governing sentencing in DUI offenses are as numerous as they are verbose. In an effort to avoid more confusion than is necessary, we summarize the interplay of the relevant statutes as follows.

Under Section 9721 of the Sentencing Code, trial courts are empowered to impose a sentence consisting of one or more alternatives including, *inter alia*, imprisonment, probation, or CIP. 42 Pa.C.S. § 9721. While Section 9721 generally permits a sentencing court to exercise its discretion in choosing an appropriate sentence, under certain circumstances, various other statutes mandate that sentencing courts impose mandatory minimum and maximum sentences instead. ***See, e.g.,*** 42 Pa.C.S. § 9718.2 (prescribing mandatory minimum sentences for second and subsequent offenders of various sexual offenses).

Section 3804 of our DUI statute contains one such mandatory sentencing scheme, with penalties enhanced based on prior DUI offenses or a determination that the defendant is "in need of additional treatment." ***See*** 75 Pa.C.S. § 3804; ***see also*** 75 Pa.C.S. § 3814 (mandating "a full assessment for alcohol and drug addiction" where certain specified conditions are met).

Relevant to the instant matter, Section 3804(d) provides that, "[i]f a person is sentenced pursuant to this chapter and, after the initial assessment required by Section 3814(1), the person is determined to be in need of additional treatment pursuant to Section 3814(2), the judge shall

impose a minimum sentence as provided by law and a maximum sentence equal to the statutorily available maximum." 75 Pa.C.S. § 3804(d). As our Supreme Court has recognized, the purpose of the maximum sentence mandate is to ensure that offenders "complete needed treatment." **Commonwealth v. Taylor**, 104 A.3d 479, 492 (Pa. 2014).

At first glance, the statutes permitting CIP sentences and the statutes mandating minimum DUI sentences may seem inconsistent. However, as this Court has recognized, the legislature adopted CIP "to give judges another sentencing option" specifically one that "would lie between probation and incarceration with respect to sentencing severity; to provide a more appropriate form of punishment/treatment for certain types of non-violent offenders; to make the offender more accountable to the community; and to help reduce the county jail overcrowding problem while maintaining public safety." **Williams**, 941 A.2d at 24 (quotation omitted).

Moreover, Sections 9721 and 9763 specifically permit trial courts to consider CIP for DUI offenders for first, second, or third offenses, in spite of any mandatory minimum sentence elsewhere prescribed by law.[3] 42 Pa.C.S. §§ 9721; 9763. As this Court has previously recognized, the DUI statute and the Sentencing Code may be read together to permit a trial court to

---

[3] Ordinarily, where a mandatory sentencing scheme applies, the trial court no longer has the discretion it is ordinarily afforded under Section 9721 to fashion a sentence of CIP. 42 Pa.C.S. § 9721(a.1).

avoid a mandatory minimum sentence in favor of a sentence of CIP for certain qualified offenders. ***Williams***, 941 A.2d at 26.

This Court has repeatedly reaffirmed the right of sentencing courts to consider CIP and rebuffed local efforts to eliminate or handicap this discretion. ***See, e.g. Commonwealth v. Jurczak***, 86 A.3d 265, 271-72 (Pa. Super. 2014) (rejecting county CIP plan that required all DUI offenders to serve one-third of any applicable mandatory minimum sentence prior to being eligible for CIP); ***Commonwealth v. Sarapa***, 13 A.3d 961, 967-68 (Pa. Super. 2011) (rejecting county CIP plan that precluded CIP eligibility for all DUI offenders).

In keeping with the intent of our legislature and the prior decisions of this Court, we reaffirm our position that CIP is "a statutorily authorized sentencing **alternative** . . . ." ***Jurczak***, 86 A.3d 265, 267 (Pa. Super. 2014) (emphasis added).

Applying these principles to the instant case, we hold that by its plain language, the mandatory maximum sentence provision in Section 3804(d) applies only where a defendant "is sentenced pursuant to [that] chapter." 75 Pa.C.S. § 3804(d). However, Appellee was not sentenced pursuant to Chapter 38; she was sentenced under an alternative sentencing scheme to CIP as authorized in Chapter 97 of our Sentencing Code. Therefore, neither the mandatory minimum nor maximum provisions of our DUI statute apply and the sentence imposed is not illegal.

## **Discretionary Aspects of Appellee's Sentence**

In its second issue, the Commonwealth challenges the discretionary aspects of Appellee's sentence. A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa. Super. 2008). Prior to reviewing such a claim on its merits:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.
>
> When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code . . . .

***Id.*** (citations and quotations omitted). ***See also*** Pa.R.A.P. 2119(f).

The Commonwealth complied with the first two requirements by filing a timely Notice of Appeal and preserving its sentencing issues by filing a Petition to Reconsider Sentence. The Commonwealth also included a separate Pa.R.A.P. 2119(f) Statement in its appellate brief. Commonwealth's Brief at 20-21.

As to whether the Commonwealth has presented a substantial question, we note:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A

- 9 -

> substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and quotation omitted).

Here, the Commonwealth summarizes the evidence adduced during Appellee's Pre-Sentence Investigation suggesting she is in need of treatment, and then summarily concludes that "the sentencing court abused its discretion in imposing a total sentence of less than half the statutory maximum available to ensure adequate supervision to promote the safety of the public as well as the rehabilitative needs of [Appellee]." Commonwealth's Brief at 31-32.

The Commonwealth's claim, that the sentencing court failed to adequately consider these aggravating factors, closely mirrors the claims of countless criminal defendants who aver that their sentencing courts failed to adequately consider mitigating evidence. An argument that the sentencing court failed to consider mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review. *Commonwealth v. Hanson*, 856 A.2d 1254, 1257-58 (Pa. Super. 2004). *See also Commonwealth v. Griffin*, 804 A.2d 1, 9 (Pa. Super. 2002) (citing *Commonwealth v. Williams*, 562 A.2d 1385, 1388 (Pa. Super. 1989) (*en banc*) (noting that an allegation that the sentencing court did not

adequately consider various factors is, in effect, a request that this court substitute its judgment for that of the lower court in fashioning a defendant's sentence).

Accordingly, we conclude that the Commonwealth's assertion that the trial court did not adequately consider Appellee's need for treatment does not raise a substantial question. Therefore, we will not review the merits of this claim.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/6/2016