J-S34014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| TAMARRA GEARY | |
| Appellant | No. 3128 EDA 2016 |

Appeal from the Judgment of Sentence September 8, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):
CP-46-CR-0000001-2008
CP-46-CR-0000202-2008
CP-46-CR-0003995-2009
CP-46-CR-0004056-2009

BEFORE:  BOWES, SOLANO, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                **FILED MAY 23, 2017**

Tamarra Geary appeals from the judgment of sentence of twelve to twenty-four months incarceration, plus three years probation imposed after the court found her in violation of probation.  We affirm.

Appellant was arrested in 2009 and charged with access device fraud, forgery, identity theft, tampering with public records, and other related offenses, stemming from multiple occasions where she obtained, or attempted to obtain, merchandise using false identification and stolen credit cards.  On March 13, 2013, she entered into an open guilty plea to a single count of access device fraud and one count of tampering with public records.

* Retired Senior Judge specially assigned to the Superior Court.

The remaining charges were *nolle prossed*. The court imposed a sentence of time served to twenty-three months at each count, to run consecutively, followed by three years of probation. Appellant received credit for time served and was granted immediate parole.

While serving her probationary sentence, Appellant allegedly violated a Protection From Abuse Order ("PFA"). In order to avoid punishment, Appellant fled.[1] As a result, she failed to meet her reporting requirements or pay her fines and restitution for a period of two years. Appellant waived her right to a **Gagnon I** hearing, and the court held a **Gagnon II** hearing on September 8, 2016. At that hearing, Appellant stipulated to a technical violation for failing to report, and thereafter, the court revoked her probation. The court then imposed an aggregate sentence of twelve to twenty-four months incarceration, plus three years probation.

Appellant filed a timely petition for reconsideration of sentence on September 12, 2016. Before the court responded to Appellant's petition, she filed a timely notice of appeal on September 29, 2016.[2] Appellant complied with the court's order to file a Rule 1925(b) concise statement of

---

[1] Although a hearing was scheduled on Appellant's alleged PFA violation, the complaining witness did not appear, and the prosecution withdrew the charges.

[2] The trial court ultimately filed an order denying Appellant's petition for reconsideration on October 12, 2016.

matters complained of on appeal, and the court filed its Rule 1925(a) opinion. This matter is now ready for our review.

Appellant presents one question for our consideration: "[Appellant] asserts that the sentences imposed were manifestly harsh and excessive and not in conformity with the sentencing code and the holding in the Pennsylvania Supreme Court holding (sic) in **Comonwealth v. Cottle**[, 426 A.2d 598 (Pa. 1981)]." Appellant's brief at 7.

When considering an appeal from a sentence imposed after the court has revoked probation, we may review "the validity of the revocation proceedings, the legality of sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." **Commonwealth v. Wright**, 116 A.3d 133, 136 (Pa.Super. 2015).

Appellant raises a challenge to the discretionary aspects of her sentence. When reviewing such a challenge, we are informed by the following standard of review: "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Zirkle**, 107 A.3d 127, 132 (Pa.Super. 2014) (citation omitted). Further, "the right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered as a petition for permission to appeal." In order to invoke this Court's jurisdiction:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issues were properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealled from is not appropriate under the Sentencing Code.

*Id*.

Instantly, Appellant filed a timely notice of appeal and a timely petition for reconsideration of her sentence. In that petition, she contended her sentence was excessive since she is the mother of a seven-year-old daughter, she has been gainfully employed, and, other than fleeing, she did not otherwise violate her probation. Appellant has also attached a Rule 2119(f) concise statement of reasons relied upon for allowance of appeal generally raising the same claim. Thus, Appellant has preserved her challenge and we need only consider whether she has raised a substantial question that her sentence was inappropriate under the sentencing code.

Appellant argues that the court imposed an excessive sentence that does not reflect the seriousness of her violation, and that it failed to consider circumstances that militated in favor of a lighter sentence. In particular, Appellant notes that during her probationary period she worked in home healthcare and did not incur any direct probation violations. She emphasizes that she is the mother of a young daughter, and that she specifically asked the court to consider that relationship in fashioning her sentence. Appellant analogizes her case to the Supreme Court's decision in

*Cottle*, *supra*, and concludes that, similar to the appellant therein, a sentence of confinement was too harsh in light of her marked rehabilitation while on probation.

Before we discuss *Cottle*, *supra*, we must first determine whether Appellant's claim presents a substantial question for our review. We determine whether an appellant has proposed a substantial question on a case-by-case basis. *Commonwealth v. Popielarcheck*, 151 A.3d 1088, 1093 (Pa.Super. 2016). In addition, we note that a "substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id*. (citation omitted).

At the outset, we observe that Appellant's argument, on its face, appears to raise a substantial question. For example, she avers that the "trial court sentenced [Appellant] to an excessive sentence that failed to address an essential component of [her] rehabilitative needs," and then sets forth numerous examples of her circumstances that should have motivated the court to impose a lesser sentence. Appellant's brief at 20-22. We have previously held that a substantial question exists where a party combines an excessiveness claim "together with [a] claim that the court failed to consider [a defendant's] rehabilitative needs and mitigating factors upon fashioning its sentence[.]" *Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa.Super.

2015). However, the mere assertion that the court erred in a certain way is not talismanic, and we must consider the substance of Appellant's argument in addition to the statement of her claim when determining whether a substantial question was raised.

Instantly, although Appellant asserts that her sentence is excessive because the court failed to consider her rehabilitative needs, the content of her argument centers upon the court's failure to consider her mitigating circumstances, *i.e.*, her consistent employment, her lack of other probation violations, and her maternal obligations. Appellant's brief does not set forth her rehabilitative needs or how the court failed to address them in imposing its sentence. Rather, Appellant focuses on her particular circumstances and stresses how those circumstances rendered her sentence excessive. We have consistently held that a claim that the court did not give proper consideration to mitigating factors does not raise a substantial question.[3] *See Commonwealth v. Kane*, 10 A.3d 327, 335-336 (Pa.Super. 2010) (stating, "[t]hat claim, that the court gave inadequate consideration to

---

[3] Additionally, we note that the court premised Appellant's sentence primarily on its judgment that her conduct indicated that she was likely to reoffend if not imprisoned, and that the sentence was essential to vindicate the authority of the court. Trial Court Opinion, 11/1/16, at 2; N.T. Hearing, 9/8/16, at 21-22; 42 Pa.C.S. § 9771(c). We find these factors compelling in evaluating Appellant's sentence of incarceration. Thus, even if Appellant had raised a substantial question, the reasons underlying the court's sentence are consistent with the protection of the public, and we discern no abuse of discretion in that respect. *See* 42 Pa.C.S. § 9721(b).

certain mitigating factors, does not raise a substantial question."). Hence, we do not reach the merits of Appellant's appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2017