J-S22014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| HORACE DUNCAN, JR., | |
| Appellee | No. 1645 MDA 2016 |

Appeal from the Judgment of Sentence August 19, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000665-2016

BEFORE: SHOGAN, MOULTON, and PLATT,* JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 05, 2017**

Appellant, the Commonwealth of Pennsylvania, appeals from the judgment of sentence entered on August 19, 2016, against Appellee, Horace Duncan, Jr. After careful review, we vacate Appellee's judgment of sentence and remand for resentencing.

Appellee is a convicted Tier Three sex offender. 42 Pa.C.S. § 9799.14(d). As a result of prior convictions for committing numerous sexual offenses,[1] Appellee is required to comply with sex offender registration. 42

---

* Retired Senior Judge assigned to the Superior Court.

[1] In connection with an attack on his minor daughter in 2001, Appellee was found guilty at York County criminal docket number CP-67-CR-0003626-2000 of sexual assault, statutory sexual assault, incest, aggravated indecent assault, indecent assault, and corruption of a minor. 18 Pa.C.S. §§ 3122.1;
*(Footnote Continued Next Page)*

Pa.C.S. §§ 9799.10-9799.41   On December 17, 2015, Appellee was charged with failing to register his vehicle with the Pennsylvania State Police as required by 42 Pa.C.S. § 9799.15(g)(6).   Because Appellee is a sex offender, his failure to register the vehicle is a criminal offense under 18 Pa.C.S. § 4915.1.

Following a bench trial on August 19, 2016, the trial court found Appellee guilty of 18 Pa.C.S. § 4915.1.   N.T., 8/19/16, at 63.   The trial court then sentenced Appellee to a term of six to twenty-three months of incarceration.[2]   The Commonwealth filed a post-sentence motion alleging that the sentence was too lenient and that the trial court failed to provide its reasoning for its departure from the Sentencing Guidelines.   Post-Sentence Motion, 8/26/16, at unnumbered 1-3.   Following a hearing, the trial court denied the Commonwealth's motion on September 27, 2016.   This timely appeal followed.   Both the Commonwealth and the trial court have complied with Pa.R.A.P. 1925.

On appeal, the Commonwealth presents one issue for this Court's consideration:

_(Footnote Continued)_ ————————

3124.1; 4302; 3125; and 6301(a)(1) respectively.   **Commonwealth v. Duncan**, 359 MDA 2004, 869 A.2d 6 (Pa. Super. filed December 30, 2004) (unpublished memorandum), _appeal denied_, 81 MAL 2005, 880 A.2d 1236 (Pa. 2005).

[2] When Appellee was arrested, he was on probation from an earlier conviction for failing to register.   N.T., 9/27/16, at 2.

1. Whether the trial court abused its discretion in sentencing [Appellee] to a below-mitigated range sentence where the trial court did not fully state its reasoning for its departure from the standard and mitigated guideline ranges at the time of sentencing as to be compliant with 42 Pa. C.S. §9721(b), where the trial court's rationale did not justify and support the imposed sentence, and where departure from the standard guideline range was not supported by the facts of record.

Commonwealth's Brief at 4.

The Commonwealth has challenged the discretionary aspects of Appellee's sentence; a challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Popielarcheck*, 151 A.3d 1088, 1093 (Pa. Super. 2016) (citing *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008)). Before we may address the merits of the Commonwealth's challenge, we conduct a four-part analysis to determine:

(1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code ....

*Popielarcheck*, 151 A.3d at 1093 (citations omitted).

Here, the Commonwealth filed a timely notice of appeal, preserved its sentencing issue in its post-sentence motion, and included a Pa.R.A.P.

2119(f) statement in its brief on appeal. Commonwealth's Brief at 8-9. We must now determine whether the Commonwealth has presented a substantial question for review.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Popielarcheck*, 151 A.3d at 1093 (citation omitted).

The Commonwealth argues that the trial court imposed an excessively lenient sentence and failed to provide its rationale for departing from the Sentencing Guidelines. Commonwealth's Brief at 8-9, 11. This Court has held that such a claim presents a substantial question. *Commonwealth v. Wilson*, 946 A.2d 767, 770 n.6 (Pa. Super. 2008); *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001).

It is undisputed that sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006). In this context, an abuse of discretion is not shown merely by an error in judgment. *Id*. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of

partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision. *Id*.

As this was Appellee's second violation of 18 Pa.C.S. § 4915.1, the crime is graded as a felony of the first degree, the offense gravity score is ten, and the prior record score is in the repeat violent offender category ("REVOC"). 204 Pa.Code § 303.15. The Sentencing Guidelines provide a standard-range minimum sentence of 120 months, plus or minus twelve months. *Id*.; 204 Pa.Code § 303.16. Thus, pursuant to the Sentencing Guidelines, a standard-range sentence would have been ten to twenty years of incarceration. 204 Pa.Code § 303.16. As noted, the trial court imposed a sentence of six to twenty-three months of incarceration.

A sentencing court is permitted to deviate from the Sentencing Guidelines because, as guidelines, they are advisory. *Commonwealth v. Walls*, 926 A.2d 957 (Pa. 2007). When a sentencing court imposes a sentence outside of the Guidelines, it "must place on the record its reasons for the deviation." *Commonwealth v. Garcia-Rivera*, 983 A.2d 777, 780 (Pa. Super. 2009).

Moreover:

[i]n *Commonwealth v. Walls*, 592 Pa. 557, 926 A.2d 957 (2007), our Supreme Court observed that the parameters of this Court's review of the discretionary aspects of a sentence is confined by the dictates of 42 Pa.C.S. § 9781(c) and (d). Section 9781(c) states in relevant part that we may "vacate the sentence and remand the case to the sentencing court with instructions" if we find that "the sentencing court sentenced outside the sentencing guidelines and the sentence is

- 5 -

unreasonable." 42 Pa.C.S. § 9781(c)(3). Section 9781(d) provides that when reviewing a sentence, we must consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

The **Walls** Court noted that the term "unreasonable" generally means a decision that is either irrational or not guided by sound judgment. It held that a sentence can be defined as unreasonable either upon review of the four elements contained in § 9781(d) or if the sentencing court failed to take into account the factors outlined in 42 Pa.C.S. § 9721(b).[1]

[1] Section 9721(b) states in pertinent part:

The court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing adopted by the Pennsylvania Commission on Sentencing.

**Commonwealth v. Daniel**, 30 A.3d 494, 497 (Pa. Super. 2011).

At Appellee's sentencing hearing the trial court stated as follows:

**THE COURT:** All right. In this case, the Court having found [Appellee] guilty of Count 1, we note, as counsel for the Commonwealth has pointed out, this is not [Appellee's] first

- 6 -

transgression with regard to registration requirements. In fact, he was on supervision at the time that this offense occurred for failing to verify his address in other registration violations.

That having been said, [Appellee] has been reporting on a regular basis, even quarterly when he has been required to do so.

Even though the listing of the 2007 Chevy Impala has basically worked against him in this case, it does show that he is at least cognizant of an obligation to register vehicles that he does not own but does have access to.

[Appellee] has, other than this, remained free of any other violations. However, as we said, it is not his first run-in with regard to violations of registration requirements. Accordingly, **we believe that a sentence below the guidelines is appropriate considering the circumstances of this particular case and given the fact that [Appellee] has not committed any new criminal violations other than failure to register**.

Accordingly, on Count 1, failure to register, we hereby sentence [Appellee] to a term of imprisonment in the York County Prison of not less than 6 months nor more than 23 months. The sentence will be consecutive with any sentence that he is serving as a result of his violation -- actually, the sentence will be partially concurrent with any sentence that he is serving with his violation.

N.T., 8/19/16, at 67-68 (emphasis added). Thus, the only rationale the trial court provided for imposing a sentence outside of the Guidelines is the language emphasized above.

After review, we conclude that the trial imposed an unreasonable sentence due to its failure to duly consider 42 Pa.C.S. § 9781(d), 42 Pa.C.S. § 9721(b), and provide its rationale for the sentence imposed. Rather, it appears that the trial court ordered a minimum sentence that was twenty

times less than that recommended by the Guidelines simply because the court concluded Appellee had not committed any new crimes other than the crime of failing to register. As stated above, Appellee is a repeat violent felony offender, and the absence of an explanation as to what led the trial court to deviate so greatly from the Guidelines constitutes an unreasonable sentence and an abuse of discretion. *Walls*, 926 A.2d at 964. Accordingly, we vacate the judgment of sentence and remand for resentencing consistent with this Memorandum. At resentencing, the trial court is directed to place on the record its recognition of the Sentencing Guidelines, its consideration of the factors enumerated in 42 Pa.C.S. § 9781(d) and 42 Pa.C.S. § 9721(b), and provide an adequate rationale for any departure from the Sentencing Guidelines.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/5/2017