J. S10031/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
              :          PENNSYLVANIA
          v.          :
              :
ERIC B. HITCHCOCK, JR.,        :      No. 1329 MDA 2019
              :
          Appellant   :

Appeal from the Judgment of Sentence Entered July 24, 2019,
in the Court of Common Pleas of Dauphin County
Criminal Division at No. CP-22-CR-0006445-2018

BEFORE:  PANELLA, P.J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED: MAY 6, 2020**

Eric B. Hitchcock, Jr., appeals from the judgment of sentence entered on July 24, 2019, in the Court of Common Pleas of Dauphin County.  Following a bench trial on June 27, 2019, appellant was found guilty of driving under the influence – general impairment, second offense.[1]  On July 24, 2019, appellant was sentenced to six months' intermediate punishment and fined $300.  We affirm.

The trial court set forth the following:

> [O]n October 20, 2018, around 3:00 a.m., Officer Rebecca Holstine observed [a]ppellant's vehicle swerving in the lane of traffic.  Officer Holstine observed the vehicle travel onto the fog line, travel back across the lane of travel, cross the double yellow line, and continue on the double yellow line for a couple of blocks.  [] Appellant's vehicle almost struck

---

[1] 75 Pa.C.S.A. § 3802(a)(1).

another vehicle while he was driving and he had to swerve at the last second. At this point, Officer Holstine ran the vehicle's tag and conducted a traffic stop. As she approached the vehicle, [a]ppellant had a cell phone in his lap. Officer Holstine noticed a strong odor of an alcoholic beverage coming from the interior of the vehicle and [appellant] offered up that it was his boy that had been drinking. Officer Holstine testified that [appellant] kept on repeating himself, offered to call his friend (who had been drinking), and touched his license without handing it over. Once [a]ppellant was asked to exit his vehicle, he put chewing tobacco in his mouth and Officer Holstine could smell a faint odor of alcohol coming from [a]ppellant's breath.

After exiting the vehicle, Office[r] Holstine conducted two field sobriety tests. The first test conducted was the HGN (horizontal gaze nystagmus). During the walk-and-turn test, [a]ppellant could not maintain his balance and kept on talking over the officer. Appellant was stopped and made to start again but could not maintain his balance. Officer Holstine then stopped the testing. At this point [a]ppellant was patted down and a handgun was found in his pocket. Officer Holstine testified that [a]ppellant did not even know the handgun was there. Appellant was transported to the booking center and was read the DL-26 form. At first, [appellant] said he would take the test[,] but when he entered the room with the phlebotomist, [a]ppellant started "freaking out" and did not want to give blood. At this point, Officer Holstine considered it as a refusal. Finally, Officer Holstine identified the individual that she pulled over as [a]ppellant.

Trial court opinion, 10/1/19 at 2-3 (footnote and citations to record omitted).

On July 16, 2019, appellant filed a "motion to treat [the] instant conviction as [a] first offense for sentencing purposes." The trial court denied the motion. (Sentencing transcript, 7/24/19 at 6.) Following the imposition

of sentence, no post-sentence motions were filed. Appellant filed a timely appeal. Appellant was ordered to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The trial court then filed its Rule 1925(a) opinion.

Appellant raises the following issues for our review:

> 1. Was the evidence presented at trial legally insufficient to support the guilty verdict with respect to the charge under 75 Pa.C.S.[A.] § 3802(a)(1) as the Commonwealth's evidence failed to establish beyond a reasonable doubt that [appellant] had imbibed a sufficient amount of alcohol to render him incapable of safely operating the movement of his vehicle?
>
> 2. Did the sentencing court err in denying [appellant's] motion to treat his DUI offense as a first offense for sentencing purposes as 75 Pa.C.S.[A.] § 3806 is unconstitutional pursuant to ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), and ***Alleyne v. United States***, 133 S.Ct. 2151 (2013), and is not severable from 75 Pa.C.S.[A.] § 3804 and 75 Pa.C.S.[A.] § 3803?

Appellant's brief at 4.

Appellant first complains the Commonwealth failed to produce sufficient evidence to support his conviction because it failed to establish, beyond a reasonable doubt, that appellant had imbibed a sufficient amount of alcohol to render him incapable of safely operating a motor vehicle.

> Our standard of review for a challenge to the sufficiency of the evidence is well settled. We must view all the evidence in the light most favorable to the verdict winner, giving that party the benefit of all reasonable inferences to be drawn therefrom.

> Additionally, it is not the role of an appellate court to weigh the evidence or to substitute our judgment for that of the fact-finder.

*Commonwealth v. Alford*, 880 A.2d 666, 669-670 (Pa.Super. 2005), *appeal denied*, 890 A.2d 1055 (Pa. 2005), quoting *Commonwealth v. Gruff*, 822 A.2d 773, 775 (Pa.Super. 2003), *appeal denied*, 863 A.2d 1143 (Pa. 2004) (citations omitted).

Appellant was found guilty of DUI under Section 3802(a) of the Motor Vehicle Code, general impairment, which provides:

> (1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1).

Subsection 3802(a)(1) requires the Commonwealth to prove the following elements: "the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." *Commonwealth v. Teems*, 74 A.3d 142, 145 (Pa.Super. 2013), *appeal denied*, 79 A.3d 1098 (Pa. 2013).

Here, Officer Holstine observed appellant's vehicle swerving into the oncoming lane of traffic, traveling onto the fog line, and crossing and riding the double yellow line. (Notes of testimony, 6/27/19 at 6.) Appellant's vehicle

narrowly missed striking another vehicle. (*Id.* at 7, 8.) Officer Holstine noticed the strong odor of an alcoholic beverage emanating from the vehicle. (*Id.* at 9.) When Officer Holstine asked appellant to produce his license, registration, and proof of insurance, appellant shuffled through stacks of papers and cards to find them. (*Id.* at 9, 10.) Upon appellant's stepping out of the vehicle, Officer Holstine detected the odor of alcohol on his breath, despite appellant's having put a wad of chewing tobacco into his mouth. (*Id.* at 10.) Although provided with two opportunities, appellant failed the walk-and-turn field sobriety test. (*Id.* at 14, 15, 33, 34.)

This court will not substitute our judgment for that of the trial court, as fact-finder. *Alford*, *supra*. Viewing the evidence in the light most favorable to the Commonwealth, as verdict winner, the evidence was clearly sufficient to support the finding that appellant was under the influence of alcohol to a degree rendering him incapable of safe driving under Section § 3802(a)(1). Therefore, appellant's sufficiency challenge fails.

Appellant's second contention is that his sentence is illegal, under *Alleyne v. United States*, 570 U.S. 99 (2013), and its progeny, because it was imposed pursuant to 75 Pa.C.S.A. § 3806. (Appellant's brief at 19.) *Alleyne* held that because a mandatory minimum sentence increases the penalty for a crime, any fact that increases the mandatory minimum is an element that must be submitted to the jury. *Alleyne*, 570 U.S. at 103; *see also Commonwealth v. Barnes*, 151 A.3d 121, 123 (Pa. 2016).

Appellant maintains that Section 3806 is unconstitutional because it requires "the sentencing court to find facts which **Alleyne** and **Apprendi** demand be submitted [to] and found by the jury beyond a reasonable doubt"[2] and increases the mandatory minimum sentence for the charge of DUI based upon the sentencing court's calculation of the timeframe of his prior DUI offenses. (Appellant's brief at 7, 13, 14, 16, 18-20, 22, 23.)

Here, appellant was sentenced to county intermediate punishment ("CIP") under 42 Pa.C.S.A. § 9721(a)(6).[3] This court held that where a defendant receives a CIP sentence pursuant to the Sentencing Code for a second DUI, as opposed to a sentence under Chapter 38 of the Vehicle Code, neither the minimum nor maximum provisions of the DUI statute apply and the sentence is not illegal. **Commonwealth v. Popielarcheck**, 151 A.3d 1088, 1093 (Pa.Super. 2016), **affirmed**, 190 A.3d 1137, 1138 (Pa. 2018).

> DUI offenders subject to a mandatory minimum sentence of imprisonment under Section 3804 of the Vehicle Code, which is referenced in Section 9763 of the Sentencing Code and the County Intermediate Punishment Act, are therefore eligible for CIP sentences, and the sentencing provisions of that section of the Vehicle Code do not apply when the sentencing court chooses to impose a CIP sentence.

---

[2] Appellant's brief at 9.

[3] We note Section 9721(a) was amended and Subsection (6), relating to CIP, was deleted effective December 18, 2019. Appellant, however, was sentenced prior to the effective date of the amendment.

***Commonwealth v. Kenney***, 210 A.3d 1077, 1081 (Pa.Super. 2019), ***appeal denied***, 220 A.2d 1063 (Pa. 2019).

Here, appellant was not sentenced under Section 3806 of the Vehicle Code.[4]   Rather, appellant was sentenced to CIP pursuant to Section 9721(a)(6) of the Sentencing Code.  Thus, appellant's sentence is legal.  ***See Popielarcheck***, ***supra***.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/06/2020

---

[4] Even if appellant had been sentenced under Chapter 38 of the Motor Vehicle Code, a panel of this court recently rejected a claim that ***Apprendi*** and ***Alleyne*** mandate that where a defendant has a prior DUI conviction, which has the effect of increasing the penalty for the instant offense, the prior conviction must be submitted to a jury for determination before imposition of sentence.  "This claim ignores the essence of ***Apprendi*** that "[**o**]**ther than the fact of a prior conviction**, any fact that increases the penalty for crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  ***Apprendi***, 530 U.S. at 49 (emphasis added)."  ***Commonwealth v. Bell***, 2020 WL 119661 at *11 (Pa.Super. filed March 10, 2020).