J-S25009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN P. MCCAUSLAND | : | |
| | : | |
| Appellant | : | No. 2414 EDA 2022 |

Appeal from the Judgment of Sentence Entered August 16, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001046-2016

BEFORE: NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.: **FILED OCTOBER 11, 2023**

Appellant Sean P. McCausland appeals from the judgment of sentence imposed following the revocation of his probation. Appellant challenges the discretionary aspects of his sentence and contends that the trial court abused its discretion imposing a sentence of total confinement. Following our review, we affirm.

The trial court set forth the relevant facts and procedural history of this matter as follows:

> On March 17, 2017, [Appellant] was found guilty of robbery, conspiracy, possessing an instrument of crime [(PIC)], and recklessly endangering another person [(REAP)] following a waiver trial[.] On June 16, 2017, Appellant was sentenced to an aggregate term of three (3) to six (6) years of state incarceration followed by an aggregate term of nine (9) years of probation.[FN1] No appeal was taken.
>
> > [FN1] On the robbery conviction, Appellant was sentenced to three (3) to six (6) years of incarceration followed by four (4) years of probation; on the conspiracy conviction, a

concurrent sentence of three (3) to six (6) years of incarceration followed by four (4) years of probation. A consecutive term of five (5) years of probation was imposed on the possessing an instrument of crime conviction and a concurrent term of two (2) years on probation was imposed on the recklessly endangering another person conviction.

On May 7, 2018, Appellant filed a *pro se* [PCRA petition] seeking reinstatement of his appellate rights. Stephen A. Seidel, Esquire, was appointed counsel on behalf of Appellant. On February 19, 2019, Appellant withdrew his petition for post-conviction relief and Mr. Seidel was permitted to withdraw as counsel.

After completing his sentence of incarceration and while on probation, on April 20, 2022, Appellant was arrested and was charged with simple assault as a misdemeanor docketed under MC-51-CR-0006406-2022. Shortly thereafter, [the trial] court was notified of Appellant's possible [probation] violations. Following a hearing on June 7, 2022, [the trial court] found Appellant to be in violation of probation.[1]  Sentencing was

_____

[1] In ***Commonwealth v. Foster***, 214 A.3d 1240 (Pa. 2019), our Supreme Court examined the statutory framework governing probation revocations and concluded that "a court may find a defendant in violation of probation only if the defendant has violated one of the specific conditions of probation included in the probation order or has committed a new crime." ***Id.*** at 1250; ***see also Commonwealth v. Koger***, 295 A.3d 699 (Pa. 2023); 42 Pa.C.S. § 9754(b). "To insure that general condition is met, or to assist the defendant in meeting that general condition, the order must also include certain "specific conditions" of probation. ***Foster***, at 1250; ***see also Koger***, 295 A.3d at 705; 42 Pa.C.S. § 9763.

Only upon the violation of any of the specified conditions in the probation order (general or specific) may a court revoke the defendant's probation. In other words, a court may find a defendant in violation of probation only if the defendant has violated one of the specific conditions of probation included in the probation order or has committed a new crime. The plain language of the statute does not allow for any other result.

***Foster***, 214 A.3d at 1250 (citations and quotation marks omitted). Here, however, Appellant does not challenge the finding of a probation violation or
*(Footnote Continued Next Page)*

deferred pending the completion of a pre-sentence report and a mental health evaluation. Appellant was given an aggregate sentence of four (4) to eight (8) years of incarceration. All previous sentencing conditions were again imposed. Appellant filed a motion to reconsider sentencing, which was denied on August 24, 2022. . . .

Trial Ct. Op., 1/25/23, at 2 (some formatting altered). Appellant filed a timely appeal, and both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue:

Whether the trial court erred by imposing an "excessive sentence" violating the Pennsylvania Sentencing Code, 42 Pa.C.S. § 9701 *et. seq.* by not following the general principle that the sentence imposed should call for 1) confinement consistent with the protection of the public, 2) the gravity of the offense as it relates to the impact on the life of the victim; and 3) the rehabilitative needs of the defendant, and amounted to a[n] abuse of discretion. *See* 42 Pa.C.S. § 9721(B)?

Appellant's Brief at 3.

Appellant challenges the discretionary aspects of his sentence. Specifically, Appellant argues that he was amenable to treatment, and the trial court failed to consider his rehabilitative needs. *Id.* at 9-10. Appellant also contends that the trial court abused its discretion by imposing a manifestly excessive sentence of four to eight years of incarceration rather than rehabilitation in an in-patient drug abuse treatment facility. *Id.* at 7-11.

_____

the revocation of his probation, and the record reflects that Appellant stipulated to violating the terms of his probation. *See* N.T., 6/7/22, at 14-18. Appellant challenges only the sentence imposed following the revocation of probation.

The Commonwealth responds that Appellant has not identified a substantial question for review. *See* Commonwealth's Brief at 8. Further, the Commonwealth contends that even if Appellant raised a substantial question, he is not entitled to relief because the trial court did not abuse its discretion in sentencing Appellant to total confinement as Appellant has failed at all prior rehabilitative efforts. *See id.* at 9. The Commonwealth argues that the trial court considered all relevant sentencing factors, including Appellant's rehabilitative needs, and was informed by a pre-sentence investigation (PSI) report. Commonwealth's Brief at 6-9.

As noted previously, Appellant's issues implicate the discretionary aspects of his sentence. This Court has held that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute[.]" *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014) (citations omitted). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M., Jr.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As this Court explained in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010), an appellant challenging the discretionary aspects of a sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708(E)]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial

question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Id.* at 170 (formatting altered and citation omitted).

The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. *Id.* Further, this Court "cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Conklin*, 275 A.3d 1087, 1094 (Pa. Super. 2022) (citation omitted).

In the instant case, Appellant filed a timely motion to reconsider his sentence, a timely appeal, and has included a Rule 2119(f) statement in his appellate brief. Accordingly, Appellant is in technical compliance with the requirements to challenge the discretionary aspects of his sentence, therefore, we will proceed to determine whether Appellant has raised a substantial question. *See id.*

In his brief, Appellant asserts:

The trial court erred by imposing an "excessive sentence" violating the Pennsylvania Sentencing Code, 42 Pa.C.S. § 9701 *et. seq.* by not following the general principle that the sentence imposed should call for 1) confinement consistent with the protection of the public, 2) the gravity of the offense as it relates to the impact on the life of the victim; and 3) the rehabilitative needs of the defendant, and amounted to a[n] abuse of discretion. *See* 42 Pa.C.S. § 9721(b). The sentence imposed was unreasonable and

pursuant to the Pennsylvania Sentencing Code, in that total confinement for a period of 4 years to 8 years is an excessive sentence. [Appellant] is "amenable to drug treatment" and vocational training, and rehabilitation.

Appellant's Brief at 2 (Rule 2119(f) Statement) (some formatting altered).

"This Court has held on numerous occasions that a claim of inadequate consideration of rehabilitative needs does not raise a substantial question for our review." **Commonwealth v. Pacheco**, 227 A.3d 358, 375 (Pa. Super. 2020) (citation omitted). "Similarly, an allegation that a sentencing court failed to consider or did not adequately consider certain mitigating factors does not raise a substantial question that the sentence was inappropriate." **Id.** (citation omitted). Moreover, "[a]n argument that the sentencing court failed to consider mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review." **Commonwealth v. Popielarcheck**, 151 A.3d 1088, 1094 (Pa. Super. 2016) (citing **Commonwealth v. Williams**, 562 A.2d 1385, 1388 (Pa. Super. 1989) (*en banc*) (noting that an allegation that the sentencing court did not adequately consider various factors is, in effect, a request that this court substitute its judgment for that of the lower court in fashioning a defendant's sentence) (some citations omitted).

Here, Appellant argues that the trial court did not adequately consider mitigating factors in favor of a lesser sentence. As such, Appellant has not

raised a substantial question for our review.[2]  **See Popielarcheck**, 151 A.3d at 1094; **Moury**, 992 A.2d at 170.  Accordingly, Appellant is not entitled to relief, and we affirm the judgment of sentence.

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: October 11, 2023

---

[2] In any event, the trial court provided detailed reasoning for the sentence it imposed.  The trial court included a thorough discussion stating its rationale for the revocation sentence, its consideration of the PSI report, and recitation of its considerations from the sentencing hearing including Appellant's repeated failures at rehabilitation, and it concluded that Appellant was a high-risk recidivist and danger to the community.  **See** Trial Ct. Op., 1/25/23, at 6-17.  Indeed, were we to reach the merits of Appellant's challenge to the discretionary aspects of his sentence, we would affirm on the basis of the trial court opinion.  **See id.**