J-S47011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENYATTA WHITE | : | |
| | : | |
| Appellant | : | No. 415 EDA 2024 |

Appeal from the Judgment of Sentence Entered January 12, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0000655-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENYATTA WHITE | : | |
| | : | |
| Appellant | : | No. 416 EDA 2024 |

Appeal from the Judgment of Sentence Entered December 16, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0000656-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENYATTA WHITE | : | |
| | : | |
| Appellant | : | No. 417 EDA 2024 |

Appeal from the Judgment of Sentence Entered January 12, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0004319-2021

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED JANUARY 28, 2025**

Kenyatta White ("White") appeals from the judgment of sentence imposed after he pled guilty to aggravated assault, person not to possess firearms, firearms not to be carried without a license, carrying firearms on a public street in Philadelphia, and possessing instruments of crime.[1] We affirm.

The trial court described the facts underlying White's guilty plea as follows:

> At approximately 2[:00] a.m. on June 30, 2020, Philadelphia police officers received a report of a shooting around 3335 Waterloo Street in Philadelphia. When officers arrived, they found two victims suffering from gunshot wounds. Frederick Miller suffered a wound to his right shoulder, and Jaznell Rivera suffered a wound to his stomach and arm. On the way to the hospital, Mr. Miller told officers that [White] shot him from the passenger seat of a gray pickup truck. Mr. Miller also later identified [White's] photograph. Officers recovered five .40 caliber FCCs [fired cartridge cases] and one copper projectile from the scene.
>
> On July 2, 2020, Philadelphia Police Officers received a report of a person with a gun at the intersection of C Street and Cambria Street in . . . Philadelphia. Upon arrival, Officer McColgan[2] observed [White], whom he knew from previous encounters, near a vehicle with its door left open. [White] initially resisted arrest. As officers were putting [him] into the back of their car, a black .40 caliber Springfield XD handgun fell out of [his] pants. A search of the vehicle recovered a .40 caliber Sig Sauer P229 firearm and two .40 caliber FCCs. Laboratory analysis showed that the FCCs recovered from the vehicle matched those used in the shooting on June 30th, and that one of the firearms recovered fired those FCCs. [White] is ineligible to possess firearms based on his previous conviction for unlawful restraint with serious bodily

---

[1] **See** 18 Pa.C.S.A. §§ 2702(a)(1), 6105(a)(1), 6106, 6108, 907.

[2] Officer McColgan's first name does not appear in the record.

injury. As a result of this incident, [White] was arrested and charged with aggravated assault and related offenses.

Trial Court Opinion, 3/21/24, at, at 1-2 (capitalization and grammar standardized, record citations omitted).

In September 2022, White entered an open guilty plea to the above-listed offenses. In December 2022, the trial court conducted a sentencing hearing. The Commonwealth stated the sentencing guidelines for a person with no prior record score called for a sentence of sixty to seventy-eight months of imprisonment for the use of a deadly weapon during the aggravated assault. *See* N.T., 12/16/22, at 6.[3] White presented the court a mitigation package, and trial counsel asserted White sold drugs to feed his family due to his father's long-term incarceration and used drugs in response to his own series of gunshot wounds, including one fired by the son of one of the men he shot. *See id*. at 6-8. Counsel asserted White, who exhibited paranoid traits, fired into that man's car believing the man's son was inside. *See id*. at 9. Counsel offered pay stubs for White's previous employment and his GED

_____

[3] In fact, as the presentence report established, White had a prior record score "1." *See* Trial Court Opinion, 3/21/24, at 6 n.2, citing 204 Pa. Code § 303.5(b)(2). *See also* 204 Pa.Code § 303.7(a)(5)(i). According to the sentencing guidelines in effect for offenses committed after January 1, 2020, aggravated assault causing serious bodily injury had an offense gravity score of "11," and under the Deadly Weapon Enhanced/Used Matrix for a person with a prior record score of "1," the standard range sentence was sixty to seventy-eight months plus or minus 12 months. *See* 204 Pa. Code §§ 303.15, 303.17(b) (effective 1/1/20). Thus, the Commonwealth correctly stated the guidelines range. On appeal, White does not assert the trial court employed the wrong prior record score or guideline sentence range.

confirmation. *See id*. at 14-15. White exercised his right of allocation and stated he took full responsibility for his actions. He described having been shot several times himself and told the court about his employment and his need to support his six children. *See id*. at 21-30.

The court stated that in consideration of counsel's arguments, the prior record score, the offense gravity score, the pre-sentence investigation report ("PSI"), and White's mitigation package, it was "going to give [White] a break and simply give [him] a guideline sentence." *See id*. at 35. It imposed a concurrent, aggregate term of five to eleven years of imprisonment for all White's offenses, a sentence at the lowest end of the standard sentencing guideline range.

White filed a timely *pro se* motion for reconsideration of sentence. On January 12, 2023, the court resentenced him to no further penalty for persons not to possess firearms; the length of White's aggregate sentence remained unaffected. White filed a timely notice of appeal and he and the trial court complied with Pa.R.A.P. 1925.

On appeal, White presents the following issue for our review:

> Was the sentence excessive, more than necessary to protect the public, vindicate the complainants and rehabilitate [White?] [White], who suffers from mental health and substance abuse issues, was extremely remorseful and accepted responsibility by pleading guilty. Through meaningful work history and positive behavior while incarcerated (including peacefully organizing inmates to file grievances regarding their deplorable treatment during COVID), [White] exhibited tremendous potential for complete rehabilitation?

White's Brief at 7.

White challenges the discretionary aspects of his sentence. *See* White's Brief at 23-28. There is no absolute right to challenge the discretionary aspects of a sentence. *See Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013). Before reaching the merits of a discretionary sentencing claim, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329–30 (Pa. Super. 2013) (citation omitted).

White preserved his sentencing issue in a post-sentence motion, filed a timely appeal, and included in his brief a statement of the reasons relied upon for allowance of appeal. Therefore, we consider whether White has raised a substantial question.

White asserts his sentence was excessive and the trial court "paid lip service to the mitigation that was present." *See* White's Brief at 17, 20. Such a claim arguably fails to state a substantial question. *See Commonwealth v. Popielarcheck*, 151 A.3d 1088, 1094 (Pa. Super. 2016) (assertion that trial court failed to consider mitigating evidence adequately does not raise a substantial question). However, White's assertion that his sentence contravened sentencing norms, *see* White's Brief at 21, arguably asserts a

substantial question. *See Commonwealth v. Mouzon*, 812 A.2d 617, 622 (Pa. 2002).

> We consider the merits of White's claim mindful of the following:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted).

When a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. *See Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010). We may only vacate a sentence within the guidelines where the sentence is "clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2). In addition, when the trial court has the benefit of a PSI, we "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988).

Here, the trial court considered all the mitigating factors including those contained in White's PSI, counsel's argument, White's lack of a prior criminal record, the offensive gravity score, White's remorse, his history of substance abuse, his mental health history, the fact he had been shot multiple times, his

efforts to remain employed, and his experiences while incarcerated during COVID. **See** N.T., 12/16/22, at 35; Trial Court Opinion, 3/21/24, at 6. The court balanced this mitigating evidence with White's violent conduct, and his history of being unable to comply with the terms of supervision. **See** N.T., 12/16/22, at 6-7 (citing White's four prior probation violations). The court then imposed a standard guidelines range sentence.

After careful review, we conclude White's standard-range sentence was neither excessive nor clearly unreasonable and discern no abuse of discretion in sentencing. **See**, **e**.**g**., **Moury**, 992 A.2d at 171 (holding a sentence within the standard range of the guidelines is viewed as appropriate, and the sentence is not unreasonable where the trial court had the benefit of a PSI and imposed a standard range sentence); **see also Commonwealth v. Raven**, 97 A.3d 1244, 1254-55 (Pa. Super. 2014) (holding defendant's standard-range sentences were neither unreasonable nor excessive where the "record reflects that the [sentencing] court carefully considered all of the evidence presented at the sentencing hearing").

As we discern no abuse of discretion by the trial court, White's sentencing issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: 1/28/2025