J. A20034/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
TODD A. HUGABOOM, : No. 1569 MDA 2016
:
Appellant :


Appeal from the Judgment of Sentence, June 29, 2016,
in the Court of Common Pleas of Bradford County
Criminal Division at No. CP-08-CR-0000129-2016


BEFORE:  GANTMAN, P.J., PANELLA, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED DECEMBER 08, 2017**

Todd A. Hugaboom appeals from the June 29, 2016 judgment of sentence of 12 to 60 months' imprisonment imposed after he pled guilty to one count of driving under the influence ("DUI") -- highest rate of alcohol.[1] After careful review, we affirm the judgment of sentence.

The relevant facts and procedural history of this case are as follows. On May 2, 2016, appellant pled guilty to DUI -- highest rate of alcohol, his fourth lifetime DUI conviction and third offense in ten years.  On June 27, 2016, the trial court conducted a sentencing hearing, wherein it determined that appellant was ineligible for county intermediate punishment ("CIP") under 42 Pa.C.S.A. § 9804(b)(5).  (***See*** notes of testimony, 9/27/16 at 6.)

---

[1] 75 Pa.C.S.A. § 3802(c).

As noted, appellant was sentenced to 12 to 60 months' imprisonment on June 29, 2016. Appellant filed a timely post-sentence to modify his sentence and a hearing was conducted on August 8, 2016. Following the hearing, the trial court denied appellant's motion on September 2, 2016. This timely appeal followed on September 22, 2016. Although he was not ordered to do so, appellant filed a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), on September 26, 2016. The trial court filed its Rule 1925(a) opinion on January 18, 2017.

Appellant raises the following issue for our review:

> Did the [trial] court err in interpreting 42 Pa.C.S.A. § 9804(b)(5) to bar consideration of a [CIP] sentence for an otherwise qualified offender because the underlying conviction is a fourth lifetime DUI conviction?

Appellant's brief at 7. Appellant further averred at the sentencing hearing that a CIP sentence was necessary because he needed treatment for alcohol. (*See* notes of testimony, 9/27/16 at 2-3.)

Generally, our standard of review in assessing whether a trial court has erred in fashioning a sentence is well settled.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, [a]ppellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa.Super. 2014) (citation omitted), ***appeal denied***, 117 A.3d 297 (Pa. 2015).

When an appellant's claim implicates the discretionary aspects of his sentence, as is the case here, the right to appellate review is not absolute. ***See Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa.Super. 2011). Rather, an appellant challenging the discretionary aspects of his sentence must invoke this court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Here, the record reveals that appellant filed a timely notice of appeal on September 22, 2016. The record further reflects that appellant preserved his sentencing claim in a timely post-sentence motion and included a statement in his brief that comports with the requirements of Pa.R.A.P. 2119(f). (***See*** appellant's brief at 8-9.) Accordingly, we must determine whether appellant has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa.Super. 2013), ***appeal denied***, 76 A.3d 538 (Pa. 2013) (citation omitted). "At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm." ***Zirkle***, 107 A.3d at 132 (citation omitted).

Instantly, the crux of appellant's claim concerns the trial court's application of the CIP eligibility statute in fashioning his sentence. This statute provides, in relevant part, as follows:

> **(b)** **Eligibility.--**
>
> (5)   A defendant subject to 75 Pa.C.S. § 3804 (relating to penalties) or 30 Pa.C.S. § 5502(c.1) may only be sentenced to county intermediate punishment for a first, second or third offense under 75 Pa.C.S. Ch. 38 (relating to driving after imbibing alcohol or utilizing drugs) or 30 Pa.C.S. § 5502.

42 Pa.C.S.A. § 9804(b)(5).

Appellant contends that "[t]he [trial] court's interpretation of the sentencing code regarding eligibility for CIP was inconsistent with the actual [Section 9804(b)(5)]," and as a result, he was "denied a fair opportunity to be eligible for a CIP sentence which he was otherwise qualified for." (Appellant's brief at 8-9.) Appellant's assertion that the trial court's actions were inconsistent with the sentencing code raises a substantial question for

our review. *See Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa.Super. 2012) (stating, "[a] substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process[]"), *appeal denied*, 63 A.3d 774 (Pa. 2013) (citation omitted). Accordingly, we proceed to consider the merits of appellant's claim.

Appellant maintains that Section 9804(b)(5) applies to defendants that are subject to the penalties set forth in 75 Pa.C.S.A. § 3804, and that under Section 3804, DUI offenses are calculated pursuant to the ten-year look-back provision set forth in 75 Pa.C.S.A. § 3806(b).[2] (Appellant's brief

---

[2] Section 3806(b) provides as follows:

> **(b) Timing.--**
>
> (1) For purposes of sections 1553(d.2) (relating to occupational limited license), 1556 (relating to ignition interlock limited license), 3803 (relating to grading), 3804 (relating to penalties) and 3805 (relating to ignition interlock), the prior offense must have occurred:
>
> (i) within 10 years prior to the date of the offense for which the defendant is being sentenced; or
>
> (ii) on or after the date of the offense for which the defendant is being sentenced.

at 13-14.) Thus, appellant contends that because the first of his four lifetime DUI convictions occurred more than ten years prior to the date of his most recent DUI offense, the instant conviction should be classified as his **third** offense under Section 9804(b)(5), thereby making him eligible for CIP. (**Id.** at 14.) We disagree.

This court has long recognized that,

> [i]n all matters involving statutory interpretation, we apply the Statutory Construction Act, 1 Pa.C.S. § 1501 **et seq.**, which provides that the object of interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly.
>
> Generally, a statute's plain language provides the best indication of legislative intent. We will only look beyond the plain language of the statute when words are unclear or ambiguous, or the plain meaning would lead to a result that is absurd, impossible of execution or unreasonable. Therefore, when ascertaining the meaning of a statute, if the language is clear, we give the words their plain and ordinary meaning.

---

> (2) The court shall calculate the number of prior offenses, if any, at the time of sentencing.
>
> (3) If the defendant is sentenced for two or more offenses in the same day, the offenses shall be considered prior offenses within the meaning of this subsection.

75 Pa.C.S.A. § 3806(b).

- 6 -

*Commonwealth v. Popielarcheck*, 151 A.3d 1088, 1091-1092 (Pa.Super. 2016) (internal quotation marks and some citations omitted), *appeal granted*, 2017 WL 3712283 (Pa. 2017).

Upon review, we discern no abuse of discretion on the part of the trial court in concluding that appellant was not eligible to receive a CIP sentence. As discussed, appellant's instant DUI offense was his fourth lifetime DUI conviction. The unambiguous language of Section 9804(b)(5) clearly reveals that a criminal defendant "may only be sentenced to [CIP] for **a first, second or third offense"** under [the DUI statute.]" 42 Pa.C.S.A. § 9804(b)(5) (emphasis added). Contrary to appellant's contention, it is irrelevant under the plain language of Section 9804(b)(5) that not all of appellant's prior DUI convictions occurred within the past ten years. The plain language of the statute does not contain any restrictive clause limiting CIP eligibility to a ten-year look-back period.

Here, the trial court sentenced appellant to 12 to 60 months' imprisonment, which was well within the standard-range of the Sentencing Guidelines. In sentencing appellant, the trial court indicated that it reviewed the pre-sentence investigation ("PSI") report. (Notes of testimony, 9/27/16 at 1.) Where the trial court has the benefit of a PSI report, "we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Antidormi*, 84 A.3d

736, 761 (Pa.Super. 2014) (citation omitted), ***appeal denied***, 95 A.3d 275 (Pa. 2014).  Based on the foregoing, we conclude that appellant's challenge to the discretionary aspects of his sentence must fail.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2017